UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES INSTITUTE FOR PEACE, *et al.*,

*Plaintiffs,*

–v.–

KENNETH JACKSON, in his official capacity as Assistant to the Administrator for Management and Resources for USAID, *et al.*,

*Defendants.*

Case No. _____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER**

As these words are written on Tuesday evening, March 18, Defendants are literally in the process of unlawfully destroying property and accessing and taking over the computer systems of the United States Institute of Peace (the "Institute" or "USIP"). The Institute is an ***independent nonprofit organization*** created in 1984 by an act of Congress. 22 U.S.C. § 4601, et seq. The Institute understands that DOGE has convinced a Georgia-based cybersecurity expert to drive to the Institute's headquarters to help DOGE break through the security features protecting USIP's computer systems. If allowed to succeed, Defendants will irreparably injure the Institute.

The Complaint filed herewith describes Defendants' assault on the Institute. In brief:

- On February 19, 2025, President Trump signed Executive Order 14217. The stated purpose of the executive order is to "reduce the size of the Federal Government," with "a reduction in the elements . . . that the President has determined are unnecessary." The Executive Order lists certain "governmental entities" that "shall be eliminated to the maximum extent consistent with applicable law" and instructs that "such entities shall reduce the performance of their statutory functions and associated personnel to the minimum presence and

1

function required by law." The Executive Order identifies the Institute as one of the targeted entities, even though the Institute is ***not*** a governmental entity.

- Since then, Defendants and others working in concert with them have pursued a nonstop, heavy-handed, unlawful attack on the Institute.

- First, the President purported to remove the Institute's Board members who had been duly appointed with the advice and consent of the Senate pursuant to 22 U.S.C. § 4605(b)(4), including the Board Member Plaintiffs. The President's one-line termination emails failed to comply with any of the USIP Act's exclusive methods and circumstances for removing duly appointed Board members. *See* 22 U.S.C. § 4605(f).

- Second, on March 14, 2025, the three *ex-officio* members of the Board—Defendants Rubio, Hegseth, and Garvin--purported to remove the Institute's president and install Defendant Jackson as the acting president. Again, the process failed to comply with any of the USIP Act's requirements and was blatantly unlawful. *See* 22 U.S.C. § 4605(h).

- Third, Defendant Jackson and representatives of the DOGE defendants and those working in concert with them—including the Institute's former security firm (whose contract was terminated by the lawfully authorized USIP leadership on March 17)—leveraged those *ultra vires* acts to relentlessly try to gain access to the Institute's physical headquarters, which is a nongovernmental building on a parcel of land over which USIP has administrative jurisdiction.

- After several instances of trespassing, Defendant Jackson and DOGE gained access to the building on March 17. After gaining access, they forcibly occupied the building and expelled the Institute's president, staff, and outside counsel from the building.

- In the past two days, Defendants have been attempting to cut off the flow of funds to USIP and to break through the protections on its computer systems.

- Earlier today, Defendants apparently identified a USIP cybersecurity employee in Georgia with the expertise to help DOGE get around the security that has been protecting USIP's computer systems. That employee is apparently en route to Washington. Declaration of Colin O'Brien ¶ 2, attached as Exhibit A.

- USIP also has reason to believe that Defendants or those working in concert with them are currently in the USIP building, causing physical damage to the premises and physically accessing and disposing of USIP financial records. A photo taken at USIP offices this evening of an overflowing trash can marked "SHRED" is attached as Exhibit B.

The Court should enter an emergency administrative stay and TRO because Plaintiffs meet the two most important factors to obtain such relief—likelihood of success on the merits and irreparable harm. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted). They are highly likely to succeed on the merits of all of their claims because Defendants' actions blatantly violate the plain terms of the USIP Act; and over the past two days, Defendants have been and ***are at this minute*** engaged in conduct that will cause the Institute irreparable harm that will prevent the Institute from performing any of its lawful functions and is likely to utterly destroy it. *See Beattie v. Barnhart*, 663 F. Supp. 2d 5, 9 (D.D.C. 2009) ("An irreparable harm is an imminent injury that is both great and certain to occur, and for which legal remedies are inadequate.").

Developments on the ground preclude Plaintiffs from finalizing and submitting their more fulsome explanation of why emergency relief is warranted here. Immediate intervention by this Court is appropriate to stop the ongoing destruction of the Institute's physical and electronic property until the Court can further consider the merits.

Dated: March 18, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Andrew N. Goldfarb*
　　　　　　　　　　　　　　　　　　　Andrew N. Goldfarb (DC Bar No. 455751)
　　　　　　　　　　　　　　　　　　　Alyssa Howard Card (DC Bar No. 1708226)
　　　　　　　　　　　　　　　　　　　J. Benjamin Jernigan (DC Bar No. 9000865)
　　　　　　　　　　　　　　　　　　　ZUCKERMAN SPAEDER LLP
　　　　　　　　　　　　　　　　　　　2100 L Street NW, Suite 400
　　　　　　　　　　　　　　　　　　　Washington, DC 20037
　　　　　　　　　　　　　　　　　　　Tel: (202) 778-1800
　　　　　　　　　　　　　　　　　　　Fax: (202) 822-8106
　　　　　　　　　　　　　　　　　　　agoldfarb@zuckerman.com
　　　　　　　　　　　　　　　　　　　acard@zuckerman.com
　　　　　　　　　　　　　　　　　　　bjernigan@zuckerman.com

　　　　　　　　　　　　　　　　　　　George Foote (DC Bar No. 202812)
　　　　　　　　　　　　　　　　　　　Whitney M. Rolig (DC Bar No. 187305)
　　　　　　　　　　　　　　　　　　　Sophia J.C. Lin (DC Bar No. 1632379)
　　　　　　　　　　　　　　　　　　　PICARD KENTZ & ROWE LLP
　　　　　　　　　　　　　　　　　　　1155 Connecticut Avenue, NW, Suite 700
　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　Tel: (202) 331-4040

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

4