UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KENNETH JACKSON, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00804-BAH |

**MOTION PURSUANT TO THE ALL WRITS ACT
FOR A STATUS CONFERENCE AND
TO SUSPEND TRANSFER OF INSTITUTE PROPERTY TO GSA**

The duly-appointed President and Directors of the U.S. Institute of Peace, Plaintiffs in the above-captioned matter, respectfully invoke the Court's authority under the All Writs Act, 28 U.S.C. § 1651 (a), to order Defendants to suspend any action in response to an undated resolution directing Defendant Nate Cavanaugh (as purported Institute President) to transfer all of the Institute's property to the General Services Administration until this Court has the opportunity to resolve the issues before it concerning lawful control of the Institute.  The proposed transfer of the Institute's property —including the building constructed with substantial private funding and private donations from its Endowment, as permitted by 22 U.S.C. § 4604(h)(3)—has the potential substantially to impair this Court's jurisdiction to grant relief to Plaintiffs.  Additionally, or in the alternative, Plaintiffs request that the Court schedule a status conference to address this issue as soon as practicable.

Plaintiffs are mindful that the Court denied their emergency motion for a Temporary Restraining Order, and do not seek reconsideration of that ruling. They seek relief now simply to preserve the status quo with regard to the Court's jurisdiction to grant relief if it determines that the removal of the vast majority of the Institute's directors was unlawful, and that the Defendants' ensuing actions that purport to be taken in the name of and by the authority of the Institute were unlawful as well.

1. The Institute is a non-profit corporation with a juridical identity distinct from the federal government; among other things it has the capacity to sue and be sued in its own name. 22 U.S.C. §§ 4603(b), 4604(a), (k).

2. On March 17, 2025, the Institute and certain duly appointed Directors filed this action to prevent DOGE from seizing physical control of the Institute's premises and property. The Plaintiffs' Complaint disputes the validity of emails purporting to remove all of the Institute's directors duly appointed under 22 U.S.C. § 460(b)(4), as contrary to the plain terms of 22 U.S.C. § 4605(f). The Complaint asserts that the purported removal of the Institute's duly appointed president, Ambassador George E. Moose, was unlawful as was the entry of DOGE staff into the Institute's building contrary to the directions of Ambassador Moose.

3. Plaintiffs sought an immediate TRO, which the Court denied by a minute order on March 19, 2025.

4. Under the expedited schedule set by the Court, Plaintiffs filed an Amended Complaint on March 24, 2025. The Amended Complaint adds Ambassador Moose and

an additional Board member as named Plaintiffs. Plaintiffs are in the process of drafting summary judgment papers, which they will file on Friday, April 4.

5. Despite this Court's assertion of jurisdiction over the issues raised in this matter, however, Defendants are continuing in their unlawful efforts to dismantle the Institute before the Court has the opportunity to resolve this dispute over rightful control of the Institute and its property. As of March 28, Defendants have fired all or nearly all of the Institute's staff employed at its headquarters building. *See* Abigail Hauslohner & Derek Hawkins, *DOGE Fires Nearly All Staff at U.S. Institute of Peace Headquarters*, Washington Post (Mar. 29, 2025), https://www.washingtonpost.com/—national-security/2025/03/29/doge-usip-peace-institute-fired/.

6. On Sunday, March 30, 2025, Plaintiffs learned of an undated Resolution signed by two of the *ex officio* directors of the Institute (Defendants Hegseth and Rubio) that purports, as of March 25, 2025, to remove Kenneth Jackson as acting president of the Institute and appoint Defendant Nate Cavanaugh in his stead. The Resolution goes on to direct Defendant Cavanaugh "to transfer USIP's assets, including USIP's real property and rights thereof, and including all assets recently received from the Endowment, to the General Services Administration (GSA)." Exh. A.

8. If Defendant Cavanaugh executes the transfer of the Institute's assets as directed in the Resolution, that transfer will present a serious risk of gravely impairing this Court's jurisdiction to remedy the Defendants' unlawful seizure of control over the Institute. The real property that belongs to the Institute as a

statutory non-profit corporation will be held by GSA, in which event Defendants are likely to contend that Plaintiffs' only recourse is to file a new complaint under the Quiet Title Act. 28 U.S.C. § 2409a. The Quiet Title Act would prevent the Institute from promptly regaining control over its building, even if the Court awarded summary judgment on the Amended Complaint, because the Quiet Title Act expressly bars entry of a preliminary injunction affecting the ownership of real property.

9. Likewise, transfer of the Institute's personal property, including financial assets derived from its Endowment, to GSA would likely mean that Defendants will contend that Plaintiffs' only recourse to recover those assets —which include private donations for specified purposes—would be to seek relief from the Court of Federal Claims under the Tucker Act. 28 U.S.C. § 1346(a); 28 U.S.C. § 1491.

10. This Court has the authority to enter all writs in aid of its jurisdiction, including to preserve jurisdiction over real and personal property, the ownership and control of which is subject to this dispute. 28 U.S.C. § 1651; *see, e.g., FTC v. Dean Foods Co.*, 384 U.S. 597, 605 (1966) (Court of Appeals with statutory jurisdiction to review a challenged merger had All Writs Act authority to enjoin the consummation of the merger to preserve the status quo pending review "upon a showing that an effective remedial order, once the merger was implemented, would otherwise be virtually impossible, thus rendering the enforcement of any final decree of divestiture futile"); *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 195 (D.D.C. 2005) (pursuant to the All Writs Act, court may "enjoin almost any conduct which, left unchecked, would have

the practical effect of diminishing the court's power to bring the litigation to a natural conclusion" (cleaned up) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1102 (11th Cir. 2004)); *FTC v. Americans for Fin. Reform*, 720 F. App'x 380, 383 (9th Cir. 2017) (district court had All Writs Act authority to restrain imminent sale of a trailer); *United States v. Catoggio*, 698 F.3d 64, 69 (2d Cir. 2012) (district court properly used All Writs Act to restrain criminal defendant's assets pending anticipated order of restitution); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 600 (E.D. Va 2004) (issuing order pursuant to All Writs Act restraining criminal defendant's ability to sell, transfer, or decrease the value of property subject to a restitution order).

11. On Sunday evening, March 30, 2025, Plaintiffs' counsel sent the attached email correspondence to counsel for the Defendants seeking confirmation that the Defendants would not take action to transfer the Institute's property to the GSA pending resolution of the issues presently pending before this Court. Exh. B. As of this morning, Defendants have not provided the requested confirmation. Under the circumstances, the Plaintiffs seek a status conference before the Court at its earliest convenience to address the issues raised by the Resolution that seeks to dispose of the Institute's property before this Court has the opportunity to rule on the legality of the actions that Defendants have taken thus far, including the removal of Plaintiffs from their positions with the Institute in a fashion that is contrary to statute and the nature of the Institute as an independent, charitable corporation.

Respectfully submitted,

*/s/ Andrew N. Goldfarb*
Andrew N. Goldfarb (D.C. Bar No. 455751)
J. Benjamin Jernigan (D.C. Bar No. 9000865)
ZUCKERMAN SPAEDER LLP
2100 L Street N.W., Suite 400
Washington, D.C. 20037
Tel: (202) 778-1800

William J. Murphy (D.C. Bar No. 350371)*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 332-0444
*Notice of appearance forthcoming.

*Counsel for Plaintiffs*

Dated: March 31, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 31st day of March, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

                                               */s/ Andrew N. Goldfarb*
                                               Andrew N. Goldfarb
                                               *Counsel for Plaintiffs*