# Exhibit 31

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, et al., | |
| *Plaintiffs,* | Civil Action No. 25-0804-BAH |
| v. | |
| KENNETH JACKSON, et al., | |
| *Defendants*. | |

**DECLARATION OF ALLI ALOUDES PHILLIPS**

I, Alli Alourdes Phillips, declare as follows:

1. I am offering this declaration in support of the motion for summary judgment filed by Plaintiffs in the above matter.

2. I was USIP's Director for Curriculum and Training Design in the Gandhi-King Global Academy where I managed training programs. Training is one of the activities for USIP as reflected in the USIP Act. As the Director, I oversaw the training of United Nations Peacekeepers and Kenyan Border Police officers on the professionalization of security forces to safely engage with communities. I oversaw the portion of the USIP Act regarding the development of programs to make international peace and conflict education and training more available and useful to persons in government, private enterprise, and voluntary associations, including the creation of handbooks and other practical materials [22 USC 4604(b)4]. My team created curriculum and training for UN Peacekeepers in Africa and Asia, and for Kenyan border police officers, partnering with the US Department of State, to train these security forces to counter terrorism. We also developed training for civil society organizations and peacebuilders in

1

Africa, Latin America, and Asia, on conflict resolution skills. These organizations worked with USIP specifically at the recommendation of other peacebuilding NGOs with which they had engaged such as Mercy Corps, Search for Common Ground, Equal Access International, and Safer World because they knew we were similarly a non-profit institution, and independent from the Executive Branch - something that was important to them. Indeed, USIP frequently convened and participated in networks of such non-governmental peacebuilding organizations, all of which engage in research, curriculum development and/or training efforts in the field of peaceful conflict resolution.

3. In the cases of the peacekeeper and police officer training, USIP was asked by the Department of State to do this work because we are not a federal agency and are able to travel to places quickly where federal employees are often not allowed. Additionally, because of USIP's nonprofit status, USIP's implementation costs were often well-below that of other third party vendors and contractors. We were also able to get programs up and running without the limitations of federal regulations that hamper federal employees from carrying out training and other work that would require them to directly engage with partners.

4. USIP has also provided onsite trainings and courses for USG, NGO, nonprofit, and civil society practitioners on various peacebuilding topics, such as managing intergroup conflict, conflict analysis, and mediating violent conflict, among others. For these courses, USIP charged tuition from participants, which Federal agencies do not, per our independent and non-Federal status. This includes tuition payments from foreign nationals for instruction provided by USIP, as authorized in 22 USC 1992(h)(2). Pub. L. 102–325, §1554(c)(1). Additionally, USIP previously partnered with the DoD's Ministry of Defense Advisors program to train advisors deploying to work with foreign ministries to ensure they were well-prepared for

their posting. These course delivery activities were conducted per USIP's statutory authority to "conduct training, symposia, and continuing education programs for practitioners, policymakers, policy implementers, and citizens and noncitizens directed to developing their skills in international peace and conflict resolution" [22 USC 4604(b)6].

5.  I am deeply concerned by the DOGE takeover, as their actions make it appear that USIP is undermining its commitment to partners that we would keep their data confidential. Partners often provided information that they trusted USIP not to share with the federal government. With the immediate USIP shutdown, we were unable to contact partners to make them aware of the transition and now we cannot confirm what has happened with their personal information. This was information shared with USIP as a trusted partner. USIP was trusted to use the information only for curriculum development and training for specific partners. Some of the information is that of security officers who could be endangered if that information is currently going unprotected or is being shared broadly among/by DOGE officials. There was no transition period to make sure data was protected and handed to trusted individuals. Because I am unaware of what has happened to all the data we collected for the work, I fear that the lives of people who trusted us with security information are in danger.

I declare under penalty of perjury that the foregoing is true and correct.

Date: __4/3/2025__                                                              _____/s/Alli Phillips_____

Alli Alourdes Phillips