# Exhibit 32

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KENNETH JACKSON, et al.,<br><br>*Defendants*. | Civil Action No. 25-0804-BAH |

**DECLARATION OF [MARIA ANTONIA MONTES]**

I, MARIA ANTONIA MONTES, declare as follows:

1. I am offering this declaration in support of the motion for summary judgment filed by Plaintiffs in the above matter.

2. Over the last ten years, I have been an employee at the United States Institute of Peace in varying roles across regional and thematic teams. My employment with USIP concluded on March 28, 2025, in the capacity as Senior Program Officer in the legislatively mandated Gandhi-King Global Academy. The Gandhi-King Global Academy (GKGA) was signed into legislation (**H. R. 5517)** on December 7, 2020, under President Trump's first term, through a bipartisan vote to recognize the legacy of Congressman John R. Lewis and his commitment to nonviolence.

3. In my capacity as senior program officer, I managed various programs in Latin America related to nonviolence and peacebuilding with grassroots civil society members. Department of State interlocutors with whom I engaged to share insights from this work were

1

acutely aware that they did not have the agility, independence, nor technical capabilities to manage such programs and engagements.

4. Over the past two years, I made over 15 trips as an employee of USIP across Latin America to advance my programs funded by the Department of State. I knew then, as I know now, that while I traveled overseas, I did so in my capacity as a USIP employee, and never under a pretense of an official federal employee, USG designee or had any authority to speak on behalf of the United States Government. When I traveled, I accepted the potential risks I could incur when traveling to what the State Department designates as a level 3 country – meaning one to which it suggests one "Reconsider travel" due to armed conflict or significant civil unrest. I fully accepted that the USG could not help me in the event of an emergency or an evacuation. I accepted that risk.

5. I was able to travel to cities and rural areas and could meet with members of civil society throughout Latin America that went beyond the remit of the Post and fell outside of Chief of Mission authority. What that means is that I could travel to places that the USG could not reach and meet with people and organizations that the USG would have trouble accessing. Because of this, I was uniquely positioned, without the use of USG logos, seals, armored vehicles, and protocol, to develop deep and trusting partnerships with peacebuilders and activists whose views ranged across the political and social spectrum.

6. Upon returning from travel, I would host informal briefings and roundtable discussions for State Department officials, which were not classified. I was never privy to any executive files or part of discussions related to State Department's Executive or Foreign Policy Objectives.

3

7. USG Departments and agencies have understood and benefited from this arrangement, and this is exactly how Congress intended for the dynamic to work when it established USIP.

I declare under penalty of perjury that the foregoing is true and correct.


Date:  April 3, 2025                             /s/ Maria Antonia Montes
                                          Maria Antonia Montes