# Exhibit 34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KENNETH JACKSON, et al.,<br><br>*Defendants*. | Civil Action No. 25-0804-BAH |

### DECLARATION OF SCOTT WORDEN

I, Scott Worden declare as follows:

1. I am offering this declaration in support of the motion for summary judgment filed by Plaintiffs in the above matter.

2. I was Director of Afghanistan and Central Asia Programs at USIP from May 2016 until I was dismissed on March 28, 2025. My duties included overseeing USIP programs in Afghanistan and Central Asia, including responsibility for the USIP field office in Kabul, Afghanistan, which was closed after the Taliban takeover of Afghanistan on August 15, 2021.

3. Prior to joining USIP in 2016 I worked as Director of Lessons Learned for the Special Inspector General for Afghanistan Reconstruction from February 2015 until May 2016 and before that I was a Senior Policy Advisor at USAID from December 2011 through February 2015.

4. Having worked for a Federal Agency and for a Federal Inspector General's office, I can say with experience that my work for USIP is not Federal employment and is fundamentally different from service in the Executive Branch. My Employment at USIP did not

1

come with any Federal benefits. I did not have access to federal retirement and my years in service at USIP are not counted toward my federal pension. I did not swear any oath to my office or to the United States. I did not have an SF-50 personnel file. For my overseas travel, I did not have to receive any Embassy clearance or notification.

5. Much of my work for USIP and the way it was done would not be permitted if I was working in the Executive Branch. For example, I supervised USIP's largest international field office in Kabul. We rented private office space in downtown Kabul outside the international security green zone and were not protected by any U.S. forces. For much of that time, U.S. government officials were not permitted to attend meetings at USIP's office because they were not allowed to travel to unsecured locations and it was deemed too dangerous for U.S. officials to spend an hour meeting with us. At the same time, USIP was able to convene a variety of Afghan and international stakeholders at USIP's office because we were viewed as non-governmental and created a neutral space for peacebuilders to engage in open dialogue that would not have been possible at a U.S. government facility.

6. Another clear difference between my work for USIP and my U.S. government service was my freedom of speech and association. As part of my job at USIP, I frequently met with non-governmental organizations, foreign government officials, and officials of International Organizations. In my USIP capacity, I never had to ask or clear any of these meetings with U.S. government actors. I also published commentaries on USIP's website and with outside publications about national security issues that werere never expected to be reviewed or cleared by U.S. government employees. As part of my job I gave frequent interviews to national and international media where I was free to comment on U.S. Government policies without any

notification or control by a U.S. agency press office. This degree of independence would never be possible within the Executive branch of government.

7. I declare under penalty of perjury that the foregoing is true and correct.

Date: __April 4, 2025__                         _____/S/ *Scott Worden*_____
                                                                Scott Worden