# Exhibit 37

# AMENDED AND RESTATED BYLAWS OF THE
# UNITED STATES INSTITUTE OF PEACE

**(AS FURTHER AMENDED JULY 19, 2024)**

## Article I — Nature and Powers of the Institute

Section 1.     Nature of the Institute.

The United States Institute of Peace is the independent, nonprofit institute established by the United States Institute of Peace Act, Title XVII, Public Law 98-525; 98 Stat. 2492, 2649; 22 U.S.C. §§ 4601-11 (1984).  The Institute serves the people and the Government of the United States through the widest possible range of education and training, basic and applied research, and information services on the means to promote international peace and manage and resolve conflict among the nations and peoples of the world.

Section 2.     Powers and Duties.

The powers and duties of the Institute are as set forth in the Act.  The powers of the Institute include, to the extent consistent with the Act, the powers conferred upon a nonprofit corporation by the District of Columbia Nonprofit Corporation Act.

## Article II — Definitions

Section 1.     As used in these Bylaws, except where the context otherwise requires —

(a)     "Act" means the United States Institute of Peace Act, 22 U.S.C. §§ 4601-11;

(b)     "Board" means the Board of Directors of the Institute;

(c)     "Chair" means the Chairman of the Board as described in the Act at 22 U.S.C. 4605(h);

(d)     "Director" means a voting member of the Board appointed pursuant to Section 4605 of the Act;

(e)     "Endowment" means the Endowment of the United States Institute of Peace, Inc.;

(f)     "Executive Vice President" means the Executive Vice President of the Institute;

(g)     "Fellow" means an individual who has received a fellowship or other form of support from the Institute as part of the Jennings Randolph Program for International Peace;

(h)     "Grantee" means a Person who has received a grant from the Institute;

(i)     "Institute" means the United States Institute of Peace;

(j) "Member of the Board" means a Director or the President of the Institute;

(k) "Officer" means the President of the Institute and any other individual designated by the Board to be an officer pursuant to Section 4606(a) of the Act and no other person regardless of title or job description;

(l) "Person" means an association, corporation, institute, partnership, trust, or other legal entity;

(m) "President" means the President of the Institute appointed pursuant to Section 4606 of the Act;

(n) "Recipient" means any person receiving financial assistance from the Institute;

(o) "Secretary" means the Secretary of the Institute;

(p) "Treasurer" means the Treasurer of the Institute;

(q) "Vice Chair" means the Vice Chairman of the Board as described in the Act at 22 U.S.C. 4605(h).

## Article III — Offices

Section 1.   Principal Office.

The Institute shall maintain its principal office in the District of Columbia.

Section 2.   Other Offices.

The Institute may have offices at such other places, either within or without the District of Columbia, as determined by the Board.

## Article IV — Board of Directors

Section 1.   General Powers.

The powers of the Institute are vested in the Board.

Section 2.   Number, Terms of Office, and Qualifications.

The Board shall be composed of fifteen Directors, with appointments, qualifications, and terms of office as provided in Section 4605 of the Act.  Twelve Directors shall be appointed from outside of federal service by the President of the United States subject to Senate confirmation.  The Secretary of State, Secretary of Defense, and President of the National Defense University shall, pursuant to section 4605 (b)(1)-(4) of the Act, be *ex officio* voting members of the Board.  Not

2

more than eight voting members of the Board may be members of the same political party. If the President of the National Defense University is a member of the Board and is an active duty military officer, the President may assert the tradition of political neutrality of the American military and no political party membership shall be attributed to the President. If the Secretary of State or Secretary of Defense elects not to serve on the Board, such Secretary may designate a Senate-confirmed official from the Secretary's agency or department to serve. If the President of the National Defense University elects not to serve on the Board, the President may designate a vice president of the National Defense University to serve. Changes in the Board's *ex officio* membership shall be announced to the public no later than at the first public meeting of the Board following any such designation. The President shall serve as a nonvoting member of the Board.

Section 3.    The Chair and Vice Chair of the Board.

(a)    Every three years, or at such other times as there may be vacancies in such office, the Board shall elect a Chair from among the Directors appointed from outside of federal service. The Board may also elect a Vice Chair for a term not to exceed three years from among the Directors appointed from outside of federal service under Section 4605 (b) of the Act.

(b)    The Chair shall preside, if present, at all meetings of the Board; carry out all other functions required by the Act and these Bylaws; and represent the Board in matters concerning the day-to-day operations of the Institute. The Vice Chair, if any, shall preside in the absence of the Chair at meetings of the Board and shall perform such other duties as from time to time may be requested by the Chair.

Section 4.    Outside Interests of Directors and Officers.

(a)    No member of the Board may participate in any decision, action, or recommendation with respect to any matter which directly and financially benefits such member or pertains specifically to any public body or any private or nonprofit firm or organization with which the member is then formally associated or has been formally associated within a period of two years, except that this provision shall not be construed to prohibit an *ex officio* member of the Board from participation in actions of the Board which pertain specifically to the public body of which that member is an officer.

(b)    Pursuant to reporting procedures established from time to time by Board resolution, all Directors and Officers shall, on an annual basis after assuming office, file with the Institute's Ethics Officer (or General Counsel if no Ethics Officer has been designated) a list of those activities and relationships which might reasonably raise an issue of conflict of interest or the appearance of a conflict of interest with respect to the mandate and activities of the Institute or the Endowment.

Section 5.    Compensation.

A Director appointed by the President from outside of federal service shall be entitled to receive the daily equivalent of the annual rate of basic pay in effect for level IV of the Executive Schedule under section 5315 of title 5, United States Code, for each day during which the Director

is engaged in the performance of duties as a member of the Board or as a member of the Board of Directors of the Endowment.

Section 6.     Travel.

While away from home or regular place of business in the performance of duties for the Institute or the Endowment, a Director shall be allowed travel expenses, including a per diem in lieu of subsistence, not to exceed the expenses allowed persons employed intermittently in Government service under section 5703 of title 5, United States Code.  All travel, other than to attend meetings of the Board, for which a Director seeks reimbursement from the Institute shall have the prior authorization of the Chair or President.

## Article V — Meetings of Directors

Section 1.     Meetings.

(a)     Meetings of the Board shall be held at least two times each calendar year.  Meetings shall be held at intervals and locations determined by the Chair.  If any five members of the Board request in writing that a meeting be scheduled, the Chair shall schedule a meeting to occur within 45 days of receipt of such request.

(b)     Notice of the place, date, and time of a meeting shall be mailed, sent electronically or delivered by messenger or overnight mail to each Director at least seven days before the date of the meeting unless a majority of the Directors determines that Institute business requires a meeting on fewer than the specified days' notice.  In that event, notice shall be electronically or personally delivered at the earliest practicable time.  By vote of a majority of Directors, the Board may waive the notice requirements of this section.

Section 2.     Agenda.

The Chair shall cause to be prepared the agenda for each meeting.

Section 3.     Quorum, Manner of Acting, and Adjournment.

(a)     A majority of the Directors shall constitute a quorum for a Board meeting.  Except as otherwise specifically provided by law or these Bylaws, the vote of a majority of the Directors present at the time of a vote, provided that a quorum is present at such time, shall be the act of the Board.  A Director who is present at a meeting of the Board but who abstains from participation in the deliberation or vote on any matter, whether remaining in the meeting room or withdrawing therefrom during the deliberation or vote, may be counted for purposes of determining whether a quorum is present, and if a quorum is present, the vote of a majority of the then-voting Directors shall be the act of the Board.  After having convened with a quorum, a meeting may continue without a quorum, but no vote may be taken unless a quorum is present.

(b)     Each Director is entitled to one vote.  Voting rights of Directors may not be exercised by proxy.

(c) The Chair may adjourn a meeting on the Chair's own motion or upon the recommendation of a majority of the members.

Section 4.      Public Meetings; Executive Sessions.

All meetings of the Board shall be open to public observation and shall be preceded by reasonable public notice, for which purpose notice in the Federal Register shall be deemed to be reasonable. As provided in Section 4605 (h)(3) of the Act, the Board may close portions of a meeting, upon a majority vote of its members present and with the vote recorded and taken in public session, which are likely to disclose information likely to affect adversely any ongoing peace proceeding or activity or to disclose information or matters exempted from public disclosure pursuant to subsection (c) of the Government in the Sunshine Act, Section 552b of Title 5, United States Code.  The chair of the meeting shall announce the general subject of the closed session prior to such a vote.

Section 5.      Minutes.

The Board shall keep minutes of the proceedings of the Board and of any committee having authority under the Board.  The minutes shall record the names of the Directors present, subjects addressed, and any actions taken.  The minutes of each meeting shall be available for inspection by the public in the form approved by the Board.

Section 6.      Action by Directors Without a Meeting.

In exceptional circumstances, any action which may be taken at a meeting of the Board may be taken without a meeting, if agreement or ratification in writing, setting forth the action taken, is signed by all of the Directors.  Any such action so taken shall be included on the agenda of the next meeting of the Board for discussion, ratification, or such other action as may be indicated by the circumstances.

Section 7.      Participation and Quorum.

A Member of the Board may participate in a meeting through the use of telephone, videoconference or other equipment that permits such Member of the Board to hear and be heard by all other Members of the Board participating in the meeting.  A Director participating in a meeting by such means is deemed to be present in person at the meeting for purposes of establishment of a quorum.

### Article VI — Committees

Section 1.      Establishment and Appointment of Committees.

The Board shall have the following permanent committees:  Governance and Compliance, Finance and Audit, Talent and Culture, Security and Facilities, and Strategy Programs.  The Board may, by majority vote, establish and dissolve standing and temporary committees.  Committees

shall such functions as the Board may designate. The Chair may establish and dissolve temporary committees for purposes established by the Chair. The Chair shall appoint Directors to serve on all committees, as well as the members who shall chair such committees. The Chair shall be a voting member of each committee. The President and CEO shall be a non-voting member of each committee.

Section 2.    Committee Procedures.

(a)    Except as otherwise provided in these Bylaws or in the resolution establishing a committee, a majority of the voting members thereof, or one-half of such members if their number is even, shall constitute a quorum. A Director who is present at a meeting of a committee but who abstains from participation in the deliberation or vote on any matter, whether remaining in the meeting room or withdrawing therefrom during the deliberation or vote, may be counted for purposes of determining whether a quorum is present, and if a quorum is present, the vote of a majority of the then-voting Directors shall be the act of the committee. The vote of a majority of the voting members present at the time of a vote, if a quorum is present at such time, shall be the act of the committee. After having convened with a quorum, a meeting may continue without a quorum, but no vote may be taken unless a quorum is present.

(b)    Notice of a committee meeting shall be provided to members of the committee in the manner required for notice of meetings of the Board by Section 1 of Article V. Notice may be waived in the manner described in Section 1 of Article V.

Section 4.    Minutes.

Minutes shall be kept of each committee meeting in the manner described in Section 5 of Article V. Consistent with considerations of individual privacy, legal requirements, and the terms as provided in Section 4605(h)(3) of the Act, the minutes of all committee meetings shall be available for inspection by the public.

### Article VII — Officers and Employees

Section 1.    Officers.

The officers of the Institute shall be a President, an Executive Vice President, a Treasurer, a Secretary, and such other officers as the Board determines to be necessary. The officers shall be appointed by majority vote of the Directors upon, in the case of the Executive Vice President, Treasurer, Secretary, and such other officers of the Board, the recommendation by the President. The officers shall have such authority and shall perform such duties, consistent with the Act and these Bylaws, as may be determined by the Board by resolution and, with respect to the Executive Vice President, Treasurer, Secretary, and other officers, by the President consistent with policies established by the Board.

Section 2.     Appointment, Term of Office, and Qualifications.

The President shall be appointed for a specific but renewable term of not less than one and not more than three years. Each officer of the Institute other than the President shall be appointed by majority vote of the Board upon recommendation by the President for a term which may not exceed three years but which may be renewed by the Board. All officers serve at the pleasure of the Board. Each officer shall hold office until a successor shall have been duly appointed or until such officer shall resign or shall have been removed in the manner provided in Section 3 of this Article.

Section 3.     Removal.

The officers of the Institute may be removed by a majority vote of the Board. Such removal shall be without prejudice to the contract rights, if any, of the person so removed, nor shall the appointment itself of the officer be construed to create contract rights. Removal of any officer other than the President shall be made only in consultation with the President.

Section 4.     Resignation.

Any officer may resign at any time by giving a written notice of resignation to the Chair. An officer other than the President shall also submit written notice of resignation to the President. Such resignation shall take effect at the time it is received by the Chair, unless another time is specified therein. The acceptance of such resignation shall not be necessary to make it effective.

Section 5.     The President.

The President is the chief executive officer of the Institute, with the responsibility and authority as provided in the Act, these Bylaws, and policies established by the Board, for (1) the day-to-day administration of the affairs of the Institute; (2) the appointment, compensation, and removal of such employees of the Institute as the President determines necessary to carry out the purposes of the Institute; and (3) the exercise of such other powers incident to the office of the President and the performance of such other duties as the Board may from time to time prescribe. These powers include those enumerated in Section 4606 (b), (c), and (d) of the Act, which include the receipt and disbursement of public monies, obtaining and making grants, entering into contracts, establishing and collecting fees, and making personnel decisions. The President shall supervise and direct the Executive Vice President, Treasurer, Secretary, and other officers in the performance of their duties.

Section 6.     The Executive Vice President.

The Executive Vice President shall have such powers and perform such duties as the President may prescribe, consistent with policies of the Board. In the absence of and upon delegation by the President, the Executive Vice President shall perform the duties of the President, and when so acting, shall have all the powers of, and shall be subject to all restrictions upon, the President. At any time that the office of Executive Vice President shall be empty, the President shall appoint an Acting Executive Vice President.

Section 7.     The Treasurer.

The Treasurer shall (a) have charge and custody of, and be responsible for, all funds and securities of the Institute and maintain such funds and securities in such banks, trust companies or other depositories as shall be selected in accordance with the provisions of these Bylaws; (b) receive, and give receipts for, moneys due and payable to the Institute; (c) support internal and external audits of the Institute and the Endowment; (d) render to the Board at such times as the Board may require a report on the financial condition of the Institute; and (e) in general, perform all the duties incident to the office of Treasurer and such other duties as from time to time may be assigned by the President. At any time that the office of Treasurer shall be empty, the President shall appoint an Acting Treasurer. At any time that the Institute has a Chief Financial Officer, said Chief Financial Officer shall serve as Treasurer.

Section 8.     The Secretary.

The Secretary shall be responsible for giving notices of Board meetings to Members of the Board and to the public, recording minutes of Board meetings, and maintaining the official books and records of the Institute.

Section 9.     Compensation of Officers and Employees.

Officers shall be compensated at rates determined by the Board pursuant to Section 4606 (a) of the Act.

Section 10.    Outside Interests of Officers and Employees.

Consistent with the Act, the Board may adopt resolutions governing the conduct of officers and employees with respect to matters in which they may have an interest adverse to the interests of the Institute.

## Article VIII — Transfer of Funds to the Endowment

The President periodically shall report to the Board on the Institute's financial situation, including any statutory requirements, and shall advise the Board on transferring appropriated funds that have not been obligated or expended from the Institute's Treasury account to the Endowment in exercise of the Board's authority under Section 4609 (b) of the Act.

## Article IX — Prohibitions

Section 1.     Prohibition Against Lobbying.

The Institute itself shall not undertake nor shall any funds of the Institute be used to influence the passage or defeat of any legislation by the Congress of the United States or by any State or local legislative bodies, or by the United Nations or any other international governmental

body, except that personnel of the Institute may testify or make other appropriate communication when requested to do so by a legislative body, a committee, or a member thereof.

Section 2.    Prohibition Against Political Activity.

(a)    No Director, officer, employee, or any other person shall, on behalf of the Institute, take a position for or against any political party or candidate for political office. Nothing in this section shall preclude the right of an individual to express an opinion in a private capacity or in a public capacity separate and distinct from such person's position with the Institute.

(b)    Directors, officers, employees, fellows, and grantees of the Institute shall exercise due care in their professional and private activities — including, where appropriate, by use of a disclaimer — to avoid conveying the impression that their personal views or activities are the views or activities of the Institute.

Section 3.    Prohibition Against Classified Research.

The Institute shall not sponsor or support classified research nor shall any officer or employee of the Institute engage in classified research, except with the approval of two-thirds of the full Board. The Board may discuss such proposed activity in executive session. Any decision to engage in classified research in Institute programs shall be reported at the next public session of the Board.

## Article X — Investment Policy

Institute funds will be held in U.S. Treasury accounts or in securities or other assets guaranteed by the full faith and credit of the United States Government unless otherwise approved by the Board.

## Article XI — Indemnification

Section 1.    Mandatory Indemnification.

The Institute shall indemnify and hold harmless present and former members of the Board, employees of the Institute, contractors, consultants, and members of Institute advisory bodies for any and all liabilities and reasonable expenses incurred in connection with any claim, action, suit, or proceeding arising from present or past service for the Institute, in accordance with resolutions adopted by the Board; provided that the Institute shall not indemnify any such person with respect to any matter as to which he or she shall have been finally adjudicated in any proceeding not to have acted in good faith in the reasonable belief that such action was in the best interests of the Institute; and further provided that the Institute shall not indemnify any such person with respect to any criminal matter unless he or she had no reasonable cause to believe that his or her conduct was unlawful; and further provided that any compromise or settlement payment shall be approved by a majority vote of a quorum of Board members who are not at that time parties to the proceeding.

Section 2.    Advancement of Expenses.

The Institute shall, before final disposition of a claim, action, suit, or proceeding, advance funds to pay for or reimburse the reasonable expenses, including legal fees and disbursements, incurred by a person eligible for indemnification and acting in any capacity described under Section 1 of this Article if –

(a)   the Institute receives

   (i)   written affirmation of such person's good faith belief that he or she acted in good faith in the reasonable belief that his or her actions were in the best interests of the Institute and had no reasonable cause to believe that his or her conduct was unlawful, and

   (ii)   such person's written undertaking to repay any funds advanced by or on behalf of the Institute if there is a final adjudication that he or she did not act in good faith in the reasonable belief that his or her actions were in the best interests of the Institute, or, in a criminal matter, that he or she had reasonable cause to believe that his or her conduct was unlawful; and

(b)   there is no determination made by majority vote of a quorum of disinterested Board members that such person failed to satisfy the standards of conduct set forth in Sections 1 and 2(a)(i).

Such undertaking to repay funds shall be an unlimited general obligation of such person but need not be secured and shall be accepted without reference to such person's financial ability to make repayment.

### Article XII — Fiscal Year

The fiscal year of the Institute shall be that of the Federal Government.

### Article XIII — Amendments

These Bylaws may be amended by the vote of two thirds of the members of the Board.

10