UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES INSTITUTE FOR PEACE, *et al.*,

*Plaintiffs,*

–v.–

KENNETH JACKSON, in his official capacity as Assistant to the Administrator for Management and Resources for USAID, *et al.*,

*Defendants.*

Case No. 1:25-cv-00804-BAH

**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT**

Upon consideration of Plaintiffs' motion for summary judgment, incorporated legal memorandum, statement of undisputed material facts and all materials submitted in support, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment [ECF No. X] is **GRANTED**; it is further

**DECLARED** that Defendants' purported removal of the members of the Board of Directors of the United States Institute of Peace ("the Institute" or "USIP") who were duly appointed under 22 U.S.C. § 4605(b)(4), in violation of 22 U.S.C. § 4605(f) was unlawful, null and void, and without legal effect; it is further

**DECLARED** and that the purported removal of George Moose as the Acting President of the Institute by resolution adopted by less than a majority of the duly appointed Directors of USIP was unlawful, null and void, and without legal effect; it is further

1

**DECLARED** that the purported appointments of Kenneth Jackson and Nate Cavanaugh as Acting President of USIP were unlawful, null and void, and without legal effect; it is further

**DECLARED** that all actions taken or authorized by Kenneth Jackson or Nate Cavanaugh as Acting President of USIP were unlawful, null and void, and without legal effect;

**DECLARED** that the resolution purportedly adopted by two Directors directing Nate Cavanaugh to transfer USIP's building and assets to GSA was unlawful, null and void, and without legal effect; it is further

**DECLARED** that the actions and documents by which Nate Cavanaugh purported to transfer USIP's building to GSA were unlawful, null and void, and without legal effect; it is further

**DECLARED** that the transfer of USIP's financial assets to GSA was unlawful, null and void, and without legal effect; it is further

**DECLARED** that the resolution adopted by two Directors purportedly appointing Adam Amar as president of the Endowment of the United States Institute of Peace Fund and authorizing and instructing him to transfer all of the Endowment's assets to USIP was unlawful, null and void, and without legal effect; it is further

**ORDERED** that the Institute's Board members duly appointed under 22 U.S.C. § 4605(b)(4) shall continue to serve in accordance with 22 U.S.C. § 4605(e) and may be removed only in conformity with 22 U.S.C. § 4605(f); it is further

**ORDERED** that the Institute's Acting President Ambassador Moose may not be removed or in any way be treated as having been removed, or otherwise be obstructed from his ability to carry out his respective duties, except as provided in the United States Institute of Peace Act, Pub. L. No. 98-525, tit. XVII, § 1701, 98 Stat. 2492, 2649 (1984), 22 U.S.C. § 4601-4611, as amended ("USIP Act"); it is further

**ORDERED** that Defendants are enjoined from further trespass against the real and personal property belonging to the Institute and its employees, contractors, agents, and other representatives; and it is further

**ORDERED** that Defendants, or any other person acting in concert with Defendants, are enjoined from maintaining, retaining, gaining, or exercising any access or control over the Institute's offices, facilities, computer systems, or any other records, files, or resources, and from acting or purporting to act in the name of Institute, and from using the Institute's name, emblem, badge, seal and any other mark of recognition of the Institute.

_____
The Hon. Beryl A. Howell
United States District Judge

Dated:  April \_\_\_\_\_, 2025