# Plaintiff Opp. Ex. 4

United States of America
## Office of Personnel Management

Office of the General Counsel
Washington, D.C. 20415

In Reply Refer To

Your Reference

OCT 2 1987

Mr. Raymond P. Kogut
Director of Personnel
Executive Office of the President
Office of Administration
Washington, D.C.  20503

Dear Mr. Kogut:

This is in response to your letter of September 21, 1987 wherein you asked whether it was necessary for the Institute for Peace to receive an allocation of supergrade positions from OPM and be subject to other procedural requirements governing appointments at these levels as well as whether it needs OPM approval to set the compensation level at a step above the minimum at grade GS-16.

The Institute for Peace was established as an independent nonprofit corporation by P.L. 98-525 in 1984 with the applicable law codified at 22 U.S.C. 4601-4611.  As an independent nonprofit corporation, the Institute is not an executive agency either under the definition in 5 U.S.C. 105 or in 5 U.S.C. Chapter 51.  This is further apparent from certain provisions within the enabling legislation indicating that the Institute was not to be considered an agency.  For example, at 22 U.S.C.4606(f)(1), the Institute is required to make contributions "at the same rate <u>applicable to agencies</u> of the federal government", implying the Institute is not within this group.  In addition, there is a provision which sets forth the Institute's ability to use "United States" or "U.S." or any other reference to the U.S. government in its title or corporate seal "[n]otwithstanding any other provision of this chapter".

The law clearly provides that the officers and employees of the Institute shall not be considered federal employees. Section 4606(c) gives the president of the Institute specific authority to appoint, fix the compensation of, and remove employees without regard to Civil Service rules, and subject instead to the Institute's bylaws and the general policies established by its Board. In determining employee rates of compensation, the president is merely "<u>governed by</u> the provisions of Title 5 relating to classification and General Schedule pay rates" (emphasis added). We interpret this section as indicating that federal classification and pay rates serve as a guide and that the president should compensate the employees at an <u>equivalent</u> pay rate. This interpretation is also supported by section 4605(i) which entitles the director of the Institute to be

CON 132-03-9 (2)

-2-

compensated at "the daily equivalent of the annual rate of basic pay in effect for grade GS-18 of the General Schedule...". Thus, we view section 4606(c) to be the controlling provision as it sets forth the authority of the president with respect to fixing employee compensation and the guidelines to be followed in the process. Section 4606(c) is further amplified in section 4606(f)(1) which states the employees of the Institute shall be considered employees of the federal government only with respect to Title 28 and to those provisions of Title 5 which relate to compensation and benefits, including chapter 51 (relating to classification) and subchapters I and III of chapter 53 (relating to pay rates). Accordingly, subsection (f) elaborates upon the provisions of subsection (c) and enumerates the only circumstances under which the employees of the Institute will be considered to be federal employees. When read in conjunction with subsection (c), subsection (f) merely reiterates the premise that when fixing the rate of compensation, the president is to be guided by the provisions of Title 5 which relate to pay rates and classification.

It should be noted here that the legislative history sheds no light on the actual status of the Institute employees. The legislation creating the Institute did not provide that the employees were to be federal employees and, additionally, the employees of the Institute are not covered under the definition of "employee" in chapter 51 as chapter 51 coverage is limited to employees of an "agency". It is also significant that the legislation did not amend chapter 51 to include the employees of the Institute.

Accordingly, we conclude from our review that the Institute is not under the purview of OPM because it would not be directly subject to the classification and pay rules under the General Schedule but rather would be merely guided by these provisions to provide equivalent classification standards and pay rates. Thus, there would be no requirement for approval from OPM for the appointment of Grade 16 employees and the Institute would not need a supergrade allocation from OPM. Similarily, there would be no requirement to get OPM approval for compensation a step above the minimum. The Institute therefore is free to designate its supergrade position under its separate authority.

Sincerely Yours,

Rhoda G. Lawrence
Associate General Counsel