UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES INSTITUTE FOR PEACE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH JACKSON, in his official capacity as Assistant to the Administrator for Management and Resources for USAID, et al.,<br><br>Defendants. | Civil Action No. 25-0804 (BAH) |

## SUPPLEMENTAL MEMORANDUM

Defendants respectfully submit this supplemental memorandum as directed by the Court at the May 14, 2025, motions hearing regarding Radio Free Asia. During the motions hearing, the Court inquired why Radio Free Asia was considered a "private, non-profit corporation[,]" *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *1 (D.C. Cir. May 3, 2025), when the United States Institute of Peace (the "Institute") is not.

Radio Free Asia is not an establishment of the United States. Instead, it is a private, non-profit corporation organized under the laws of the District of Columbia. *See, e.g.*, *Ho v. Radio Free Asia*, Civ. A. No. 23-1336 (CRC), 2023 WL 6880008, at *1 (D.D.C. Oct. 18, 2023) (remanding removed employment suit against Radio Free Asia to D.C. Superior Court; Radio Free Asia "is a private, non-profit news organization funded by the U.S. government[.]"); *Than v. Radio Free Asia*, 496 F. Supp. 2d 38, 42 (D.D.C. 2007) ("Radio Free Asia [ ] is a private, non-profit corporation that prepares and broadcasts news and information about events in Asian countries that do not have a free press."). Indeed, the relevant statute indicates that "[n]othing in this chapter may be construed to make Radio Free Asia a Federal agency or instrumentality." *Id.* § 6208(h).

The relevant statutory provisions merely recognize Radio Free Asia's existence, provide directives for its functions, and discuss terms for its grant. 22 U.S.C. § 6208(a), (b), (c). While the chief executive of the U.S. Agency for Global Media (an Officer of the United States, 22 U.S.C. § 6203) and the International Broadcasting Advisory Board (an Executive Branch entity, 22 U.S.C. § 6205), play a role in the selection of Radio Free Asia's chief executive, Radio Free Asia's board must concur in that selection. 22 U.S.C. § 6209(d). Radio Free Asia's board is appointed pursuant to its bylaws within certain statutory conditions. 22 U.S.C. § 6206(a)(4). That is, the President plays no direct role in the selection of Radio Free Asia's board or its chief executive, and thus, Radio Free Asia would appear to fail the third prong of the Supreme Court's test in *Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374, 392 (1995) ("where, as here, the Government creates a corporation by special law, for the furtherance of governmental objectives, and *retains for itself permanent authority to appoint a majority of the directors of that corporation*, the corporation is part of the Government for purposes of the First Amendment" (emphasis added)). If Radio Free Asia ceases to perform the directed statutory functions "in an effective and economical manner," the U.S. Agency for Global Media may award the relevant grant "to carry out such functions to another entity." *Id.* § 6208(g); *see also id.* § 6204(c)(1) (prohibiting award of grants to Radio Free Asia if its incorporation documents differ from statutory requirements). The same goes for Radio Free Europe and Radio Liberty—the relevant statutory provisions mirror those of Radio Free Asia and expressly provide that "[n]othing in this chapter may be construed to make RFE/RL, Incorporated a Federal agency or instrumentality." 22 U.S.C. § 6207(e).

While Congress's statutory disclaimers are not dispositive of the issue, *Lebron*, 513 U.S. at 392, those disclaimers, coupled with these entities' structures, plainly distinguishes them from the Institute. As a threshold matter, the Institute is an establishment of the United States. 22 U.S.C.

§ 4603(a) ("There is hereby established the United States Institute of Peace."). Flowing from that, the Institute is authorized to use the name and seal of the United States (and other references to the United States Government) in its title and other marks of recognition in any fiscal year in which appropriations are authorized, *id*. § 4603(e). The President directly selects the Institute's board, *id.* §§ 4605(b)(1)–(4); and has the statutory authority to remove its members, *id.* §§ 4605(f)(1)–(3); the President has no such control over Radio Free Asia and its siblings. The Institute is forbidden from receiving non-federal funds for its operations (spare two narrow exceptions), *id.* § 4604(h)(3); there appears to be no such limitation on Radio Free Asia and its siblings. The Institute's funding is directly appropriated by Congress to the Institute like all executive departments, *id.* § 4609.; Radio Free Asia and its siblings do not receive direct appropriations and instead receive government funding through grants from the U.S. Agency for Global Media, and only if they satisfy certain conditions. In short, Congress envisioned Radio Free Asia and its siblings to be private grantees, not Executive Branch components.

But even if the Court disagreed, the Court should not find that the Institute is somehow private. Instead, if a court confronted squarely with the issue believes that Radio Free Asia and its siblings satisfy the requirements for being viewed as part of the government, that court should disregard the congressional disclaimer and deem them part of the government as the Supreme Court did in *Lebron* with Amtrak. Likening the Institute, which clearly satisfies the *Lebron* test, to these entities does nothing to move the Institute outside of the federal government. It can only serve to place these other entities within the government—an issue best left for another case where the topic is squarely presented in fulsome briefing on the specific case or controversy a court is tasked with deciding.

Lastly, the Court during its questioning asked government counsel if current jurisprudence regarding the President's authority to remove officials was confined to the Executive Branch. Government counsel generally agreed that the issue generally arises in that context—Departments that are "themselves in the Executive Branch or at least some connection with that branch." *Buckley v. Valeo*, 424 U.S. 1, 127 (1976). What is relevant to that authority, however, is whether the officer exercises executive power, not the label attached to the officer or the officer's employing agency. For example, in *Intercollegiate Broadcasting System, Inc. v. Copyright Royalty Bd.*, 684 F.3d 1332, 1337 (D.C. Cir. 2012), the D.C. Circuit considered the constitutionality of the Copyright Royalty Board—a component of the U.S. Copyright Office and, in turn, the Library of Congress. *Id.* at 1334. That case asked whether the board's "for cause" removal restrictions were impermissible and whether the Librarian of Congress was a "Head of Department" under the Appointments Clause. *Id.* at 1336. Crucial to the D.C. Circuit's ruling was its conclusion that because the "Library and the Board" perform functions that are "generally associated in modern times with executive agencies rather than legislators, . . . the Library is undoubtedly a 'component of the Executive Branch'" for appointments purposes. *Id.* at 1341–42 (quoting *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 511 (2010)); *see also id.* ("the Librarian is appointed by the President with advice and consent of the Senate, 2 U.S.C. § 136, and is subject to unrestricted removal by the President"); *Eltra Corp. v. Ringer*, 579 F.2d 294, 301 (4th Cir. 1978) ("The Supreme Court has properly assumed over the decades since 1909 that the Copyright Office is an executive office, operating under the direction of an Officer of the United States"—the Librarian—"and as such is operating in conformity with the Appointments Clause.").

Dated: May 15, 2025
       Washington, DC

Respectfully submitted,

JEANINE FRANCIS PIRRO
United States Attorney

By:       */s/ Brian P. Hudak*
    BRIAN P. HUDAK
    Chief, Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2549

*Attorneys for the United States of America*