**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, *et al.*,<br><br>               Plaintiffs,<br><br>               v.<br><br>KENNETH JACKSON, *in his official capacity*, *et al.*,<br><br>               Defendants. | Civil Action No. 25-cv-804 (BAH)<br><br>**Judge Beryl A. Howell** |

## ORDER

Upon consideration of plaintiffs' motion for summary judgment, ECF No. 22, defendants' cross motion for summary judgment, ECF No. 32, the legal memoranda, exhibits and declarations submitted in support and in opposition, and the entire record herein, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby—

**ORDERED** that plaintiffs' motion for summary judgment, ECF No. 22, is **GRANTED**; it is further

**ORDERED** that defendants' cross-motion for summary judgment, ECF No. 32, is **DENIED**; it is further

**ORDERED** that plaintiffs are granted judgment in their favor on Counts One, Two, Three, Four, and Six of the Amended Complaint, ECF No. 12; it is further

**DECLARED** that the purported removal of members of the Board of Directors of the United States Institute of Peace ("USIP") duly appointed under 22 U.S.C. § 4605(b)(4), was unlawful, in violation of 22 U.S.C. § 4605(f), *ultra vires*, and therefore null, void, and without legal effect; it is further

**DECLARED** that plaintiff Board members who were purportedly terminated remain members of the USIP Board and may be removed by the United States President only pursuant to the terms of 22 U.S.C. § 4605(f); it is further

**DECLARED** that the purported removal of Ambassador George Moose as acting president of the Institute by a resolution adopted by less than a majority of the duly appointed Board of Directors of USIP was invalid, and therefore null, void, and without legal effect; it is further

**DECLARED** that the purported appointments of Kenneth Jackson and Nate Cavanaugh to the positions of president of USIP pursuant to resolutions adopted by less than a majority of the duly appointed Board of Directors of USIP were invalid and therefore null, void, and without legal effect; it is further

**DECLARED** that Amb. Moose therefore remains president of USIP and may be removed only by a duly constituted Board of Directors, under 22 U.S.C. § 4606; it is further

**DECLARED** that all actions taken or authorized by Kenneth Jackson or Nate Cavanaugh as acting presidents of USIP were invalid and therefore null, void, and without legal effect; it is further

**DECLARED** that, given the illegitimate appointment of Nate Cavanaugh to the position as USIP president, the actions and documents by which he purportedly transferred USIP's headquarters, located at 2301 Constitution Avenue, NW, Washington, DC 20037, to the General Services Administration were invalid and therefore null, void, and without legal effect; it is further

**DECLARED** that the transfer of USIP's other financial or physical assets to the General Services Administration was likewise invalid, null void, and without legal effect; it is further

**DECLARED** that the resolution adopted by two *ex officio* Directors of USIP's Board purportedly appointing Adam Amar as president of the Endowment of the USIP Fund and authorizing and instructing him to transfer any and all of the Endowment's assets to USIP was invalid, null, void, and without any legal effect; it is further

**ORDERED** that plaintiff Board members duly appointed under 22 U.S.C. § 2605(b)(4) shall continue to serve in accordance with § 4605(e) and may not be removed or treated in any way as having been removed, or otherwise obstructed from carrying out their duties, except in accordance with § 4605(f); it is further

**ORDERED** that USIP Acting President Amb. Moose shall continue to serve in accordance with § 4606(a) and may not be removed or treated in any way as having been removed, or otherwise obstructed from carrying out his duties, except in accordance with §§ 4601-11; it is further

**ORDERED** that defendants, except for the *ex officio* members of USIP's Board of Directors to the extent their official positions allow, are **ENJOINED** from further trespass against the real and personal property belonging to the Institute and its employees, contractors, agents, and other representatives; it is further

**ORDERED** that defendants, except for the *ex officio* members of USIP's Board of Directors to the extent their official positions allow, are **ENJOINED** from maintaining, retaining, gaining, or exercising any access or control over the Institute's offices, facilities, computer systems, or any other records, files, or resources, and from acting or purporting to act in the name of Institute, and from using the Institute's name, emblem, badge, seal and any other mark of recognition of the Institute; it is further

**ORDERED** that the defendants who are *ex officio* members of USIP's Board of Directors may not act unilaterally or in any combination of the three of them together, without additional consent constituting a majority of members of the duly constituted USIP Board of Directors, to transfer any of USIP's assets; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Date:  May 19, 2025

*This is a final and appealable order.*

_____
**BERYL A. HOWELL**
United States District Judge