# Exhibit A


# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES INSTITUTE OF PEACE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KENNETH JACKSON, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-00804-BAH |

## DECLARATION OF GEORGE E. MOOSE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' STAY MOTION

I, George E. Moose, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I was appointed as the Acting President and Chief Executive Officer of the United States Institute of Peace (USIP) by the USIP Board of Directors in April 2024.

2. In my capacity in this position, I oversaw all of USIP's activities until my purported termination by the three *ex officio* board members on March 14, 2025.

3. In the period after my purported firing on March 14, I continued to provide leadership and direction to USIP staff as we sought to reclaim control of the Institute. In this role, I remained in daily contact with USIP staff, including indirect communication with the small group of staff members who continued to work under the direction of DOGE.

4. On May 19, 2025, upon issuance of the Court's summary judgment order in this case, I immediately resumed my activities as acting president. Since then, I have been in constant

communication with USIP staff and the Institute's Board of directors to evaluate the current state of the Institute, so that we can determine how best to resume activities consistent with our mission as set out in the USIP Act.

5.  On Tuesday, May 20, I conveyed to our attorneys at Zuckerman Spaeder my growing concern, based on reports from USIP staff, that the USIP building was not being adequately protected or maintained. Mindful that the Court's summary judgement order effectively transferred responsibility and liability for the building to me, as Acting President, I asked our attorneys to communicate to the attorneys for Defendants our urgent request to arrange for an immediate transfer of the building to my control.

6.  On the afternoon of May 21, I, along with USIP's outside counsel, USIP security personnel, and a handful of other USIP staff, re-entered USIP's headquarters. I appreciate the assistance of defendants' counsel in helping coordinate and facilitate a smooth transition of the building's control to me and to our USIP team, consistent with the Court's order.

7.  I, with the support of other USIP staff, have assumed responsibility and control for the building. We have engaged a private security firm to guard the building and premises, and have taken over responsibility for the building's maintenance.

8.  Through reports I had previously received from members of my team, I had learned that the building has been essentially abandoned for many weeks. From these reports, I had understood that during the period that defendants were responsible for the building, there were only a few security guards on site, with no perimeter patrols.

9.  That is consistent with what I personally observed during my return to the building. When my team and I arrived, the only persons in the building were two security guards

2

and a small cleaning crew. In my experience, that level of staffing is woefully insufficient to properly protect and maintain the building.

10. On May 22, members of my staff, including our chief of security and our contract building engineer, spent the day surveying and documenting the condition of the building, to include photographs. Based on their reports, I understand that this failure to maintain and secure the building has impacted USIP's premises. Among other things, they reported evidence of rats and roaches in the building. Vermin were not a problem prior to March 17, 2025, when USIP was actively using and maintaining the building.

11. Staff have reported to me other deficiencies in the maintenance of the building, including the failure to maintain vehicle barriers and the cooling tower, water leaks, damage to the garage door, and missing ceiling tiles in multiple places in the building (which I have been told suggest likely water damage).

12. In addition, I learned from my team that sometime in the past several days, before we regained control of the property and assumed control for security, someone had scrawled graffiti on one of the outside spaces.

13. Moreover, my return to the building and my activities since resuming my role as Acting President confirmed the substance of my April 18 declaration in this case (ECF 34-10): since March 17, 2025, all programmatic activity of the Institute has effectively ceased. Until the Court's May 19 order, the handful of employees who were not fired, both in the U.S. office and overseas (including contractors), had, at defendants' direction, been focused on shutting down any remaining projects.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing declaration is true and correct.

Executed in Washington, D.C., this 23rd of May, 2025.

Signed: /s/ George E. Moose

Print Name: George E. Moose